Peter W. Craigie, State Bar No. 99509
Craigie, McCarthy & Clow
540 Pacific Avenue
San Francisco, California 94133
Telephone: 415-732-7788
Facsimile: 415-732-7783
E-mail: peter@cmclawpartners.com

Robert N. Levin, Pro Hac Vice
Robert N. Levin, PC
9801 Washingtonian Blvd, Suite 750
Gaithersburg, MD 20878
Telephone: 301-517-8727
Facsimile: 301- 762-4056
E-mail: rnl@LawofficesofRobertLevin.com

Attorneys for Plaintiffs MALEM MEDICAL, LTD and
ENURESIS ASSOCIATES, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALEM MEDICAL, LTD., a United Kingdom corporation, and ENURESIS ASSOCIATES, LLC, a Maryland limited liability company,<br><br>         Plaintiffs,<br>vs.<br><br>THEOS MEDICAL SYSTEMS, INC. AND SAKET BHATIA,<br><br>         Defendants. | Case No.  CV-13-05236 EMC<br><br>MALEM MEDICAL, LTD. AND ENURESIS ASSOCIATES, LLC'S  MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES IN DEFENDANTS' ANSWER OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS OR MOTION TO DISMISS<br><br>DATE:     July 24, 2014<br>TIME:      1:30 pm<br>Courtroom: 5,17th Floor<br>Judge:      Hon. Edward M. Chen |

1                                                                                                    MOTION TO STRIKE

TABLE OF CONTENTS

NOTICE OF MOTION..................................................................................5
I.   Statement of Issues to be Decided L.R. 7.4 ............................................5
II.  Relevant Facts .....................................................................................7
III. MEMORANDUM OF POINTS AND AUTHORITIES…........…..8
     A. Rules 12(b)(6), 12(c) and 12(f) ……………………………………5
     B. The 18 Defective Defenses………………………………….....…..9
          1. The Second and Thirteenth Affirmative Defenses – Timeliness………………………………………………………….9
          2. Third Affirmative Defense - Damage by Plaintiffs or Unnamed Third Parties …………………………………………...10
          3. Fourth Affirmative Defense – Mitigation ……………….11
          4. Fifth Affirmative Defense – Estoppel …………………..11
          5. Sixth Affirmative Defense – Unconstitutionality …………12
          6. Seventh Affirmative Defense – Acts of Third Parties ……… 12
          7. Eighth Affirmative Defense - Unjust Enrichment ………….. 13
          8. Ninth Affirmative Defense- Waiver …………………………13
          9. The Tenth, Eleventh and Twelfth Affirmative Defenses – Contracts and the UCC ……………………………………14
          10. Seventeenth Affirmative Defense – Standing ……………14
          11. Eighteenth Defense – 17 U.S. C. 102 …………………14
          12. Nineteenth Affirmative Defense – Copyright Misuse ………14
          13. Twentieth Affirmative Defense – 17 U.S.C. 411 ……………15
          14. Twenty First Affirmative Defense – 17 U.S.C. Sections 504 and 412 ……………………………………………………15
          15. Twenty Second Affirmative Defense – Fair Use …………… 15
IV.  CONCLUSION........................................................................................16

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

## Table of Authorities

**CASES:**

| Case | Page |
|---|---|
| Apple, Inc. v. Pystar Corp, 658 F.3d 1150, 1157 (9th Circuit 2011) | 14 |
| Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir., 1990) | 9 |
| Conti v. Board of Civil Service Comm'rs, 1 Cal. 3d 351, 359-360 (Cal. 1969) | 10 |
| Graves v. Southwestern & Pac. Specialty Fin., Inc., 2013 U.S. Dist. LEXIS 158512 (N.D. Cal. Nov. 4, 2013) | 9 |
| Ingram v. Pac. Gas & Elec. Co., 2014 U.S. Dist. LEXIS 9857 (N.D. Cal. Jan. 27, 2014) | 11 |
| Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835-836 (9th Cir., 2002), cert. den. 537 U.S. 1047 (2002) | 10 |
| Jordan v. Northrop Grumman Corp., 2002 U.S. Dist. LEXIS 26622 (C.D. Cal. Aug. 5, 2002) | 13 |
| Raychem Corp. v. PSI Telecommunications, Inc., Civ. No. C-93-20920 RPA, 1995 U.S. Dist. LEXIS 22325, 1995 WL 108193, at *4 (N.D. Cal. 1995) | 10 |
| Rock River Communs., Inc. v. Universal Music Group, Inc., 2014 U.S.App. LEXIS 1334 (9th Cir., Jan. 22, 2014) | 8 |
| Rodriguez v. Physician Lab. Servs., LLC 2014 U.S. Dist. LEXIS 27192 (S.D. Tex. 2014 | 8 |
| Sapiro v. Encomapss, Inc. 221 F.R.D. 513, 516 (N.D. Ca, 2004) | 8 |
| Scott v. Saxon Mortg. Servs., Inc., 2014 U.S. Dist. LEXIS 2740, 8-9 (N.D. Cal. Jan. 8, 2014) | 13 |
| Sias v. City Demonstration Agency, 588 F.2d 692, 696 (9th Cir. 1978) | 11 |
| Sunearth, Inc. v. Sun Earth Solar Power Co., 2013 U.S. Dist. LEXIS 120439 (N.D. Cal. Aug. 23, 2013) | 10 |
| Wash. Capitols v. Barry, 419 F.2d 472, 477 (9th Cir. 1969) | 8 |
| Woodfield v. Bowman 193 F.3d 354, 362 (5th Cir., 1999) | 8 |

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

**Statutes:**

**Federal Statutes:**

15 U.S.C. '1116 ..................................................................................................12

Lanham Act, '43(a), 15 U.S.C. 1125(a) ..............................................................12

17 U.S. C. '102................................................................................................... 14

17 U.S. C. '107 ...................................................................................................15

17 U.S. C. '408(f)(3) ..........................................................................................15

17 U.S. C. '411 ...................................................................................................15

17 U.S. C. '412 ...................................................................................................15

17 U.S.C. '504 ....................................................................................................15

28 U.S.C. '2403 ..................................................................................................12

28 U.S.C. '1331 ..................................................................................................13

28 U.S,C. '1338 .................................................................................................12

28 U.S.C. ' 1391 .................................................................................................12

28 U.S.C. '2201 ..................................................................................................12

**California Statutes:**

UCC, Title II .......................................................................................................13

CCP 338(d) .........................................................................................................10

CCP Section 458 ...................................................................................................9

Cal.Bus.& Prof. Code §17208 ............................................................................10

Cal. Bus. & Prof. Code 17200, et seq. ................................................................12

Cal. Bus. & Prof. Code 17500 ............................................................................12

MOTION TO STRIKE

RULES:

L.R. 7-4 .................................................................................................................5

Federal Rules of Civil Procedure:

Rule 5.1 ...............................................................................................................12

Rule 12(b)(6) ..................................................................................................5,8,9

Rule 12(c) .........................................................................................................5,8

Rule (12)(f) .....................................................................................................5,8,9

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on July 24, 2014, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 5 of this Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiffs Malem Medical, Ltd. and Enuresis Associates, LLC will move for an Order of this Court pursuant to Federal Rules of Procedure, Rules 12(b)(6), 12(c) and 12(f) for an Order of this Court striking 18 of the 23 Affirmative Defenses appearing in Defendants Answer to Plaintiffs' Amended Complaint on the grounds that the subject Affirmative Defenses fail to set forth sufficient allegations to be sustainable. The Motion is further based on the grounds set out in the supporting Memorandum below.

### I. Statement of Issues to be Decided  L.R. 7.4

1. May a party plead an affirmative defense if there are no facts alleged that would support such a defense? Not one of the 18 challenged Affirmative Defenses is supported by *any* factual allegations. They are simply a listing of known and some newly invented Affirmative Defenses. As shown below, with few exceptions, the Affirmative Defenses as presented are simply a laundry list of defenses. This issue permeates every challenge to every Affirmative Defense that is the subject of this Motion.

2. May Defendants' contract defenses stand in a case that is not about contracts? The Tenth, Eleventh and Twelfth Affirmative Defenses raise what appear to be Title II, UCC defenses regarding the law of sales. The problem is that this is an unfair competition case. There is no allegation in any pleading in this matter from either side that Plaintiffs on the one hand and Defendants on the other ever did business together.

3. May Defendants claim timeliness Affirmative Defenses (laches and statute of limitation) without a single allegation that would support such defenses? See, discussion of Second and Thirteenth Affirmative Defenses below.

4. May a Defendant allege as an Affirmative Defense that any injury suffered by a Plaintiff was the result of the actions of third parties and then not mention who the third parties may have been or how their actions contributed to Plaintiff's damages? See, discussions of Third and Seventh Affirmative Defenses below.

5. May a Defendant allege that a Plaintiff failed to mitigate damages but not allege a single fact that would support such a claim? See, discussion of the Fourth Affirmative Defense below.

6. May a Defendant raise an estoppel defense as an Affirmative Defense without mentioning any action or omission to act on the part of a Plaintiff that the alleged estoppel is based upon? See, discussion of Fifth Affirmative Defense below.

7. May a Defendant allege as an Affirmative Defense that unidentified statutes are unconstitutional if applied to Defendant with no explanation of why they are unconstitutional and without following the rigid requirements of Rule 5.1, F.R.Civ. P. that apply to any attack on the constitutionality of a statute? See, discussion of Sixth Affirmative Defense below.

8. May a Defendant plead unjust enrichment as an Affirmative Defense without mentioning what the unjust enrichment consisted of? See, discussion of the Eighth Affirmative

Defense below.

9. May a Defendant allege as an Affirmative Defense that Plaintiffs waived their rights without mentioning which rights were allegedly waived or how or when they were waived? See, discussion of Ninth Affirmative Defense below.

10. May a Defendant allege as an Affirmative Defense that a Plaintiff "lacks standing" to protect its own intellectual property without a single factual allegation to support such a claim? See, discussion of Seventeenth Affirmative Defense below.

11. May a Defendant allege as an Affirmative Defense that a Plaintiff's copyright is invalid without suggesting why that would be so? See, discussion of Nineteenth Affirmative Defense below.

12. May a Defendant allege misuse of a copyright without alleging any facts in support of such a claim? See, discussion of Twentieth Affirmative Defense below.

13. May a Defendant allege a violation of 17 U.S.C. 504 and 412 without a single allegation of fact to support such a defense? See, discussion of Twenty First Affirmative Defense below.

14. May a Defendant allege as an Affirmative Defense that its use of Plaintiff's copyrighted material was protected by the fair use doctrine without making a single factual allegation in support of such a defense? See, discussion of Twenty Second Affirmative Defense below.

## II. Relevant Facts

As shown throughout this Motion, no facts are alleged by Defendants to support any of the challenged Affirmative Defenses and therefore there no facts that this Court need to find in deciding this Motion.

The relevant background facts are as follows. Plaintiffs on the one hand and Defendants

on the other are competitors selling products that relate to training people who are bedwetters so that they can learn to control that problem. As shown in the Amended Complaint and the Exhibits to that Amended Complaint, Defendants have chosen to follow a campaign of unfair competition.

### III. MEMORANDUM OF POINTS AND AUTHORITIES

#### A. Rules 12(b)(6), 12(c) and 12(f)

Rule 12(f) authorizes the Court to strike any insufficient Defense. As will next be shown below, the challenged Affirmative Defenses are insufficient in that they lack a single supporting factual allegation; in some instances, cannot possibly be germane to the instant case; and in some instances are simply legally bizarre. In Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir., 1999) the Court made it clear that affirmative defenses are subject to all of the same pleading requirements as a Complaint and that simply listing affirmative defenses in an Answer is not adequate. That is the exact situation in regard to the subject Affirmative Defenses. They are presented like a laundry list with no supporting allegations. In Rodriguez v. Physician Lab. Servs., LLC, 2014 U.S. Dist. LEXIS 27192 (S.D. Tex. 2014), the Court found that an inadequate affirmative defense can be attacked under Rule 12(f) or Rule 12(b)(6). In Sapiro v. Encomapss, Inc., 221 F.R.D. 513, 516 (N.D. Ca, 2004), this Court explained that the legal standard for deciding a for Rule 12(c) motion is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). Thus, whether viewed through the prism of Rule 12(b)(6), 12(c) or 12(f), the issue is the same, namely adequacy of the affirmative defenses as they appear in Defendants' Answer to the Amended Complaint..

Defendants have the burden of pleading in regard to affirmative defenses where the affirmative defenses are not evident on their face. Rock River Communs., Inc. v. Universal Music Group, Inc., 2014 U.S.App. LEXIS 1334 (9th Cir., Jan. 22, 2014) and Wash. Capitols v. Barry, 419 F.2d 472, 477 (9th Cir. 1969). In Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir., 1990) the Ninth Circuit found that dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

While it is true that Motions to Strike are not generally favored, <u>Graves v. Southwestern & Pac. Specialty Fin., Inc.</u>, 2013 U.S. Dist. LEXIS 158512, 6-7 (N.D. Cal. Nov. 4, 2013), where, as here, the subject affirmative defenses are so totally deficient, this motion meets this Court's explanation in <u>Graves</u> for the reason of Rule 12(f) which is:

> The function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.

### B. The 18 DEFECTIVE DEFENSES[1]

1. <u>The Second and Thirteenth Affirmative Defenses – Timeliness</u>

These Defenses are addressed together in that they each incorrectly allege that this case is time barred. The Second Affirmative Defense alleges that the Complaint is barred by the statute of limitations. The Thirteenth Affirmative Defense alleges that the Complaint is barred under the doctrine of laches. No facts are alleged in the Answer that would support either of the timeliness defenses.[2]

In regard to the California law claims alleged in the Amended Complaint, the Answer does not satisfy the requirements of CCP Section 458 in that it fails to identify the statutory basis for the claim that any Count of the Complaint is barred by limitations  <u>Conti v. Board of Civil Service Comm'rs,</u> 1 Cal. 3d 351, 359-360 (Cal. 1969) held that the elements of a laches defense

---

[1] The Twenty Third Affirmative Defense simply reserves the right to add further Affirmative Defenses in the future. That is not an "Affirmative Defense." While the First, Thirteenth, Fourteenth, Fifteenth and Sixteenth Defenses are without ultimate merit, Plaintiff concedes that they are not ripe for dismissal at this stage of the proceedings.

[2] The Court's attention is respectfully directed to Exhibits 6 and 7 to the Amended Complaint which demonstrate misuses of Plaintiffs' marks in October of *2013*.

9 MOTION TO STRIKE

are "unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." There are no allegations in the Answer that Plaintiffs were guilty of unreasonable delay or that Defendants suffered prejudice because of any such delay. See also, Raychem Corp. v. PSI Telecommunications, Inc., Civ. No. C-93-20920 RPA, 1995 U.S. Dist. LEXIS 22325, 1995 WL 108193, at *4 (N.D. Cal. 1995). Counts II and III of the Amended Complaint alleged violations of the Cal.Bus.& Prof. Code both of which are subject to the four year statute of limitations appearing in §17208 of that Code. The two common law counts under California law are subject to the three year statute of limitations of CCP 338(d). In Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835-836 (9th Cir., 2002), cert. den. 537 U.S. 1047 (2002) the Court explained:

> While laches and the statute of limitations are distinct defenses, a laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable.

In Sunearth, Inc. v. Sun Earth Solar Power Co., 2013 U.S. Dist. LEXIS 120439 (N.D. Cal. Aug. 23, 2013), this Court, citing Jarrow Formulas, supra, held that there is a presumption of laches after a four year delay in bringing an action.

2. <u>Third Affirmative Defense - Damage by Plaintiffs or Unnamed Third Parties</u>

The Third Defense alleges that any damage sustained by Plaintiffs was the result of Plaintiffs' own conduct or the conduct of third parties. This cannot be seriously intended. How Plaintiffs or any third parties are responsible for Defendants' unlawful advertising activities is not addressed by a single factual allegation in the Answer and the assertion of such a defense defies common sense. How could Plaintiff or any third party place misleading advertisements on behalf of Defendants?

3. <u>Fourth Affirmative Defense - Mitigation</u>

The Fourth Affirmative Defense alleges that Plaintiffs failed to mitigate their damages. Again there is not a single fact mentioned anywhere in the Answer that would support that claim. A fundamental problem with such a defense in this case is that it does not make sense. In <u>Ingram v. Pac. Gas & Elec. Co.</u>, 2014 U.S. Dist. LEXIS 9857 (N.D. Cal. Jan. 27, 2014) this Court, citing <u>Sias v. City Demonstration Agency</u>, 588 F.2d 692, 696 (9th Cir. 1978), followed the well known definition of a failure to mitigate defense as being a showing that Plaintiff "failed to use reasonable diligence" to mitigate damages. No such allegation appeared in the Answer nor could it have appeared in the Answer. In fact, the pleadings demonstrate that Plaintiffs attempted mitigation by getting Defendants to withdraw their false filing before the USPTO and by filing this litigation.

4. <u>Fifth Affirmative Defense - Estoppel</u>

The Fifth Affirmative Defense alleges that Plaintiffs' claims are barred by "estoppel and/or unclean hands." No facts are alleged that would support either defense. Citing both Federal and California authorities in <u>Ingram v. Pac. Gas & Elec. Co.</u>, 2014 U.S. Dist. LEXIS 9857 (N.D. Cal. Jan. 27, 2014) this Court held that:

> The doctrine of unclean hands requires that those seeking the Court's protection "have acted fairly and without fraud or deceit as to the controversy in issue."

There is no hint of a factual basis for the unclean hands defense in the instant matter.

Returning to <u>Ingram v. Pac. Gas & Elec. Co.</u>, *24-25 this Court, citing Ninth Circuit law, said of estoppel:

> With respect to estoppel, [Defendant] must establish that it justifiably relied to its detriment on Plaintiff's misconduct.

The Answer does not contain a single factual allegation that would show that Defendants relied upon anything said or done by Plaintiffs to continue their infringing acts.

5. <u>Sixth Affirmative Defense - Unconstitutionality</u>

Defendants allege as their Sixth Affirmative Defense that the statutes found in the Complaint would be rendered unconstitutional if applied to Defendants' conduct. Understandably, the Answer sets out no facts that would support that extraordinary claim.[3] Further, Defendants have failed to take into account Rule 5.1(a), F.R.Civ.P. that deals with the situation where a party has drawn "into question the constitutionality of a federal or state statute." To comply with the Rule, the party filing the challenge to the constitutionality of such a statute must "promptly file a notice" which states the constitutional issue and serve that notice on the Attorney General of the United States or the attorney general of the state, if the challenge is directed to a state statute. Further, under Rule 5.1(b), the Court must certify to the "appropriate attorney general that a statute has been questioned" under 28 U.S.C. 2403. That statute provides that either the State or Federal official may intervene in the action.

6. <u>Seventh Affirmative Defense – Acts of Third Parties</u>

The Seventh Defense claims that that the "acts and omissions alleged by Plaintiffs were the acts and omissions of third parties." Needless to say, no facts are alleged in support of this defense. No clue is provided as to who the third parties might be or why third parties would undertake the subject advertising actions on behalf of Defendants. Given that the quoted materials and exhibits to the Amended Complaint showing Defendants' misconduct are related to actions taken by Defendants, this so-called defense makes no sense. In any event, no facts are presented as to who the third parties were or what actions they undertook.

---

[3] The Federal statutes mentioned in the Complaint are the Lanham Act, '43(a), [15 U.S.C. 1125(a)], jurisdictional statutes 28 U.S.C. ' ' 1331 and 1338, 28 U.S.C. 1367 and 15 U.S.C. 1116, the. Declaratory Judgment Act, 28 U.S.C. 2201, and the Federal venue statute. 28 U.S.C. 1391. Two sets of California statutes, Cal. Bus. & Prof. Code, 17200 and 17500 appear in the Complaint. A determination that any of those statutes are unconstitutional either on their faces or as applied would be extraordinary.

7. <u>Eighth Affirmative Defense - Unjust Enrichment</u>

The Eighth Affirmative Defense asserts that Plaintiffs' claims would result in "unjust enrichment." Unjust enrichment is a term of legal art that means that one party is receiving a benefit that should belong to another party. In <u>Scott v. Saxon Mortg. Servs., Inc.</u>, 2014 U.S. Dist. LEXIS 2740, 8-9 (N.D. Cal. Jan. 8, 2014). This Court listed the elements of unjust enrichment as being (1) receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another.

The Answer does not identify a single benefit that Plaintiffs would receive unjustly or otherwise at Defendants' expense.

8. <u>Ninth Affirmative Defense- Waiver</u>

The Ninth Affirmative Defense asserts that all claims of the Complaint are barred by the "doctrine of waiver." It alleges no facts to support that defense. The United States District Court for the Central District of California, citing Ninth Circuit authority stated in <u>United States ex rel. Jordan v. Northrop Grumman Corp.</u>, 2002 U.S. Dist. LEXIS 26622 (C.D. Cal. Aug. 5, 2002):

> [T]he doctrine of waiver requires an intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it.

There is nothing in the Defendants' pleadings that would suggest that plaintiffs intentionally relinquished any of their rights.

9. <u>The Tenth, Eleventh and Twelfth Affirmative Defenses – Contracts and the UCC</u>

The Tenth Affirmative Defense (breach of contract whereby Defendants are excused from performance by Plaintiffs' conduct), the Eleventh Affirmative Defense (Plaintiffs failed to perform per the contract) and Twelfth Affirmative Defense (Plaintiffs failed to tender the goods) cannot possibly apply to this case where there is no allegation that the opposing parties were

involved in any contract with one another. Neither side promised or performed any action to or for the other side.

10. <u>Seventeenth Affirmative Defense – Standing</u>

In yet another extraordinary claim, Defendants claim that Plaintiffs lack standing to enforce their own intellectual property rights. The Answer does not allege any facts to support such a defense.

11. <u>Eighteenth Defense – 17 U.S. C. 102</u>

The Eighteenth Defense alleges that one of more of Plaintiffs' copyrights is invalid and/or unenforceable because Plaintiffs did not follow the requirements for copyrightable subject matter pursuant to Section 102 of the Copyright Act. Per usual, there are no facts alleged to support the defense. More basically, the defense fails because Section 102 is simply a laundry list of kinds of expression that can be copyrighted. "Literary" is one of the categories of expression that can support a copyright and the claimed copyright is of that genre.

12. <u>Nineteenth Affirmative Defense – Copyright Misuse</u>

In a scholarly tracing of the doctrine of copyright misuse, the Ninth Circuit found that it grew out of the law regarding patent misuse which dealt with situations in which the patent owner applied leverage based upon a patent over a licensee to gain advantages not covered by the patent. <u>Apple, Inc. v. Pystar Corp</u>, 658 F.3d 1150, 1157 (9th Circuit 2011). That idea worked its way into copyright law culminating in <u>Apple, Inc.</u>, supra. The issue is now seen as a matter of using the copyright monopoly to stifle competition. Id., at 1160. There are no allegations in the Defendant's papers that would even suggest that such a defense was being offered.

13. <u>Twentieth Affirmative Defense – 17 U.S.C. 411</u>

The Twentieth Defense alleges, without explanation, that the suit is barred by 17 U.S.C. 411. This is most peculiar in that Paragraph 64 of the Amended Complaint and Exhibit 8 thereto

14

MOTION TO STRIKE

are precisely proof that Plaintiff BWS's deposit, application and fee required for registration for its copyright had been delivered to the copyright office. As stated in Paragraph 64:

> On February 5, 2014, BWS filed an application for copyright protection of its website (Service Request #1-1195608131), a copy of which is attached hereto as Exhibit 8.

In any event, no facts are alleged in the Twentieth Affirmative Defense that would give a reader a hint of what is being alleged.

14. <u>Twenty First Affirmative Defense – 17 U.S.C. Sections 504 and 412</u>

The allegation is that the Claim is barred because the subject copyright application was not filed within three months of the publication of the allegedly infringing work. The problem is that there is no such requirement in the Copyright Act. It seems that Defendants have confused the requirements regarding a preregistered work under Section 408(f)(3) [regarding registration of unpublished works] and the situation this case. The copyright referred to in the Amended Complaint covered BWS's entire website, a work that had been available on the internet for some time. In other words, this is not a matter concerning a "preregistered work" and thus this Defense cannot be sustained.

15. <u>Twenty Second Affirmative Defense – Fair Use</u>

The Defendants claim that their copying of materials from BWS's website was protected by the fair use doctrine. Fair use is described in 17 U.S.C. 107 as including "purposes such as criticism, comment, news reporting, teaching, scholarship or research." There are no facts alleged in the Answer that would bring the copyright violations in this case within the fair use doctrine. In fact, copying of a "commercial nature' is a negative in regard to deciding whether a particular use of someone else's copyrighted materials is a "fair use" under Section 107(1).

////

////

////

IV. Conclusion

Based upon the foregoing, all 18 subject Affirmative Defenses should be stricken without leave to amend.

Dated: June 12, 2014

CRAIGIE, McCARTHY & CLOW

Peter W. Craigie
Attorneys for Plaintiffs Malem Medical, LTD and Enuresis Associates, LLC

G:\RNL\Enuresis\pldg\Motion to Strike 052714.doc

16

MOTION TO STRIKE