P. CHRISTIAN SCHELEY, ESQ. BAR#: 125493
CLAPP, MORONEY, BELLAGAMBA,
VUCINICH, BEEMAN and SCHELEY
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, California 94066
Tel: (650) 989-5400  Fax: (650) 989-5499
Email: cscheley@clappmoroney.com

Attorneys for Defendants and Counter-claimants,
THEOS MEDICAL SYSTEMS, INC. and SAKET BHATIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALEM MEDICAL, LTD. and ENURESIS ASSOCIATES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THEOS MEDICAL SYSTEMS, INC. and SAKET BHATIA,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: 3:13-cv-05236-EMC<br><br>**DEFENDANTS THEOS MEDICAL SYSTEMS, INC. AND SAKET BHATIA'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES IN DEFENDANTS' ANSWER OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS OR MOTION TO DISMISS**<br><br>Date:       July 24, 2014<br>Time:       1:30 p.m.<br>Courtroom:  5, 17th Floor<br>Judge:      Hon. Edward M. Chen |

**I. INTRODUCTION**

Plaintiffs' motion serves little purpose other than to burden the Court and increase costs for all concerned. Plaintiffs made no effort to meet and confer with Defendants prior to bringing this motion, although doing so could have resulted in the filing of an Amended Answer without the need for Court intervention. As discussed below, Defendants concede that all but one of their affirmative defenses lack sufficient supporting factual allegations, and request leave to amend in order to comply with the *Twombly/Iqbal* standards.

In addition, Plaintiffs failed to timely object to 13 of the 18 affirmative defenses at issue, as

those defenses are identical to the ones alleged in Defendants' December 11, 2013 Answer. Plaintiffs never filed a motion to strike or otherwise objected to the affirmative defenses at that time, and should therefore be precluded from doing so now. Accordingly, Defendants' motion to strike should be denied as to affirmative defenses 2 through 13 and 17.

## II. STATEMENT OF RELEVANT FACTS

Plaintiffs' initial Complaint was filed on November 12, 2013. See accompanying Declaration of P. Christian Scheley ("PCS Dec."), ¶ 2. Defendants' Answer to the initial Complaint was filed on December 11, 2013. PCS Dec., ¶ 3. In their Answer, Defendants alleged 18 affirmative defenses. PCS Dec., ¶ 4. Plaintiffs did not move to strike or dismiss any of those affirmative defenses. PCS Dec., ¶ 5.

On April 10, 2014, Plaintiffs filed an Amended Complaint which contained additional claims for copyright infringment. PCS Dec., ¶ 6. On May 14, 2014, Defendants filed their Answer to the Amended Complaint, which contained all 18 affirmative defenses previously alleged, plus 5 additional affirmative defenses relating to the copyright infringement claims. PCS Dec., ¶ 7.

On June 13, 2014, Plaintiffs filed the present Motion to Strike 18 of Defendants' affirmative defenses, 13 of which are identical to the affirmative defenses alleged in the initial Answer. PCS Dec., ¶ 8.

## III. LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally <u>disfavored</u> because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Id.* (Emphasis added). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Liley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

///

A.  **PLAINTIFFS' MOTION SHOULD BE DENIED AS TO AFFIRMATIVE DEFENSES 2 THROUGH 13 and 17 BECAUSE PLAINTIFFS FAILED TO OBJECT TO IDENTICAL AFFIRMATIVE DEFENSES IN DEFENDANTS' ORIGINAL ANSWER.**

Federal Rule of Civil Procedure 12(f) provides that a party may file a motion to strike within 21 days after being served with the pleading. In order to extend this deadline, a party must request permission from the Court pursuant to Rule 6(b). Plaintiffs never requested an extension of time to file a motion to strike, and have made no showing of excusable neglect as required by Rule 6(b)(1)(B). Accordingly, Plaintiffs' motion to strike affirmative defenses 2 through 13 and 17 should be denied as untimely. These defenses are identical in all respects to the ones raised in Defendants' initial Answer, in response to which Plaintiffs did not timely file a motion to strike or otherwise object.

B.  **THE COURT SHOULD GRANT LEAVE TO AMEND ANY AFFIRMATIVE DEFENSES THAT ARE STRICKEN FROM THE AMENDED COMPLAINT.**

If a claim is stricken, the Court should freely grant leave to amend when doing so would not cause prejudice to the opposing party. *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979). Here, Plaintiffs fail to show how they will be prejudiced if the Court grants Defendants leave to amend. Plaintiffs never objected to any of the 13 affirmative defenses that were included in the initial Answer, instead waiting 6 months to bring the current motion to strike. In addition, Plaintiffs made no effort to meet and confer with Defendants prior to bringing this motion, although doing so could have resulted in the filing of an Amended Answer without the unnecessary expenses associated with filing and responding to it.

Plaintiffs' actions make clear that they will not be prejudiced if the Court grants Defendants leave to amend their affirmative defenses. Therefore, the Court should afford Defendants an opportunity to amend their defenses to allege sufficient facts in support thereof. Leave to amend is requested as to all except for the sixth, tenth, eleventh, and twelfth affirmative defenses, as those defenses have been withdrawn.

C.  **DEFENDANTS' RESPONSES AS TO EACH AFFIRMATIVE DEFENSE**

    1.  **SECOND AFFIRMATIVE DEFENSE - STATUTE OF LIMITATIONS**

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

### 2. THIRD AFFIRMATIVE DEFENSE - DAMAGES CAUSED BY THIRD PARTIES

This affirmative defense does not "def[y] common sense," as Plaintiff contends. The third parties that Defendants refer to are internet search engines including, but not limited to, Google, Bing, and Yahoo. PCS Dec., ¶ 9. Plaintiffs themselves identify these search engines in Paragraph 40 of their Amended Complaint.

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

### 3. FOURTH AFFIRMATIVE DEFENSE - MITIGATION OF DAMAGES

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

### 4. FIFTH AFFIRMATIVE DEFENSE - ESTOPPEL

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

### 5. SIXTH AFFIRMATIVE DEFENSE - VOID OR UNENFORCEABLE STATUTE

Defendants hereby withdraw their sixth affirmative defense.

### 6. SEVENTH AFFIRMATIVE DEFENSE - ACTS OF THIRD PARTIES

As stated above, the third parties that Defendants refer to are internet search engines including, but not limited to, Google, Bing, and Yahoo. PCS Dec., ¶ 9. Plaintiffs themselves identify these search engines in Paragraph 40 of their Amended Complaint.

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

### 7. EIGHTH AFFIRMATIVE DEFENSE - UNJUST ENRICHMENT

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

### 8. NINTH AFFIRMATIVE DEFENSE - WAIVER

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

**9.     TENTH AFFIRMATIVE DEFENSE - PERFORMANCE EXCUSED**

Defendants hereby withdraw their tenth affirmative defense.

**10.    ELEVENTH AFFIRMATIVE DEFENSE - PLAINTIFFS' BREACH**

Defendants hereby withdraw their eleventh affirmative defense.

**11.    TWELFTH AFFIRMATIVE DEFENSE - FAILURE TO TENDER GOODS**

Defendants hereby withdraw their twelfth affirmative defense.

**12.    THIRTEENTH AFFIRMATIVE DEFENSE - LACHES**

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

**13.    SEVENTEENTH AFFIRMATIVE DEFENSE - STANDING**

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

**14.    EIGHTEENTH AFFIRMATIVE DEFENSE - 17 U.S.C. § 102**

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

**15.    NINETEENTH AFFIRMATIVE DEFENSE - COPYRIGHT MISUSE**

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

**16.    TWENTIETH AFFIRMATIVE DEFENSE - 17 U.S.C. § 411**

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

**17.    TWENTY-FIRST AFFIRMATIVE DEFENSE - 17 U.S.C. § 412**

Defendants' twenty-first affirmative defense alleges that "Plaintiffs' claims for <u>statutory damages and attorneys' fees</u> under 17 U.S.C. § 504 are barred for failure to register within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412."

Title 17, Chapter 4, Section 412 of the United States Code does not refer to preregistered or unpublished works, as Plaintiffs contend. Instead, it provides that no attorneys' fees or statutory damages may be recovered where the "infringement of copyright commenced after first publication

of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."

As plead, Defendants' twenty-first affirmative defense gives Plaintiffs fair notice of the facts upon which the defense is based: Plaintiffs failed to register the copyrights which were allegedly infringed within three months of their publication. Accordingly, Plaintiffs' motion to strike Defendants' twenty-first affirmative defense should be denied. In the event the Court disagrees, Defendants request leave to amend in order to allege additional facts.

### 18. TWENTY-SECOND AFFIRMATIVE DEFENSE - FAIR USE

Defendants concede that as currently plead, this affirmative defense lacks sufficient supporting factual allegations. Accordingly, Defendants request leave to amend this affirmative defense.

### IV. CONCLUSION

Plaintiffs failed to timely object to affirmative defenses 2 through 13 and 17, and therefore the motion to strike should be denied as to those defenses. As to affirmative defense 21, the motion to strike be denied, as sufficient facts have already been plead such that Plaintiffs are on notice of the grounds for the defense. As to any defenses that are stricken, Defendants request leave to amend in order to comply with the *Twombly*/*Iqbal* standards.

DATED: June 27, 2014

CLAPP, MORONEY, BELLAGAMBA,
VUCINICH, BEEMAN and SCHELEY

By: /s/ P. Christian Scheley
P. CHRISTIAN SCHELEY, ESQ.
Attorneys for Defendants and
Counterclaimants, THEOS MEDICAL
SYSTEMS, INC. and SAKET BHATIA