**United States District Court**
For the Northern District of California

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    MALEM MEDICAL, LTD., *et al.*,              No. C-13-5236 EMC

9              Plaintiffs,                       **ORDER GRANTING IN PART AND
                                                 DENYING IN PART PLAINTIFFS'**
10         v.                                    **MOTION TO STRIKE CERTAIN
                                                 AFFIRMATIVE DEFENSES IN**
11   THEOS MEDICAL SYSTEMS, INC., *et al.*,      **DEFENDANTS' ANSWER OR, IN THE
                                                 ALTERNATIVE, MOTION FOR**
12             Defendants.                       **JUDGMENT ON THE PLEADINGS OR
                                                 MOTION TO DISMISS**
13   _____/
                                                 **(Docket No. 36)**
14

15         Plaintiffs Malem Medical, Ltd. ("Malem") and Enuresis Associates, LLC, dba the

16   Bedwetting Store ("BWS"), (collectively "Plaintiffs") have filed suit against Defendants Theos

17   Medical Systems, Inc. ("Theos") and Saket Bhatia (collectively "Defendants") asserting claims for

18   violation of the Lanham Act and the Copyright Act, as well as state law claims for unfair

19   competition, false advertising, conversion, and common law misappropriation. *See* First Amended

20   Complaint ("FAC"), Docket No. 29.  Pending before the Court is Plaintiffs' motion to strike certain

21   affirmative defenses in Defendants' answer to the FAC ("Answer") or, in the alternative, motion for

22   judgment on the pleadings or motion to dismiss. *See* Docket No. 36.  The hearing is scheduled for

23   July 24, 2014.

24         Having considered the parties' briefs and accompanying submissions, the Court finds this

25   matter is appropriate for resolution without argument and hereby **VACATES** the hearing pursuant to

26   Civil Local Rule 7-1(b).  The Court hereby **GRANTS** in part and **DENIES** in part the motion to

27   strike.  Defendants voluntarily withdraw Affirmative Defenses Nos. 6 and 10-12.  The motion is

28

United States District Court

For the Northern District of California

1   granted with leave to amend as to Affirmative Defenses Nos. 2-5, 7-9, 17-20, and 22.  The motion is

2   denied as to Affirmative Defense No. 21.

3                          **I.    FACTUAL & PROCEDURAL BACKGROUND**

4           In the FAC, Plaintiffs allege as follows.

5           All parties to this action are in the business of selling alarm systems and related products,

6   which detect the presence of urine or other bodily fluids on pajamas or other night garments

7   (hereinafter referred to as "alarms").  FAC ¶ 17.  The alarms are primarily used to train users out of

8   bed wetting.  *Id.*  Plaintiff BWS, a Maryland corporation, has used the service marks

9   BEDWETTING STORE and DRY AT NIGHT since 2001 and 2000 respectively.  *See id.* ¶¶  4, 23,

10  24.  Since 2001, Plaintiff BWS has also been the exclusive United States distributor of Plaintiff

11  Malem's alarms, which is an English corporation.  *See id.* ¶¶ 5, 22.  Plaintiff Malem has used the

12  service mark MALEM since 1979 and currently has applications pending at the United States Patent

13  and Trademark Office ("USPTO") to register the marks related to its alarms.  *See id.* ¶¶ 20, 25.  On

14  February 5, 2014, Plaintiff BWS filed an application with United States Copyright Office to register

15  the materials contained on their website.  *See id.* ¶¶ 30, 64, Ex. 8.   Defendant Theos, a California

16  corporation, and Defendant Bhatia, a resident of California, use the mark CHUMMIE to distinguish

17  their alarm products.  *See id.* ¶¶ 1-2, 19.

18          According to Plaintiffs, for at least the past two years Defendants have systematically and

19  dishonestly attempted to cause confusion in the marketplace by using Plaintiffs' service marks to

20  attract customers.  *See id.* ¶ 34.  Specifically, Defendants have advertised on the Internet using

21  Plaintiffs' marks, including BEDWETTING STORE, DRY AT NIGHT, and MALEM.  *See id.* ¶¶

22  40, 41, Ex. 6, 7.  Furthermore, Plaintiffs allege that Defendants have made it their practice in

23  commercial advertising and promotions to misrepresent the nature, characteristics, and qualities of

24  Defendants' and Plaintiffs' goods, services, or commercial activities.  *See id.* ¶ 43.  Specifically,

25  Defendants have claimed that the MALEM devices were dangerous, that Defendants were the

26  leading providers of alarms, that Defendants products were the most recommended by pediatricians,

27  and that Defendants have sold over 100,000 of their devices.  *See id.*

28

**United States District Court**
For the Northern District of California

## II. <u>DISCUSSION</u>

A.     <u>Legal Authority</u>

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question." *Equal Employment Opportunity Comm'n v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). Moreover, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). However, motions to strike are generally disfavored. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Last, "[i]f a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979).

B.     <u>Affirmative Defense Nos. 1-20, 22-23</u>

Defendants' Answer contains 23 affirmative defenses. *See* Docket No. 34. Plaintiffs do not move to strike Affirmative Defense Nos. 1, 13-16, and 23. Defendants voluntarily withdraw Affirmative Defense Nos. 6 and 10-12 and concede that, aside from Affirmative Defense No. 21, all other Affirmative Defenses at issue in the motion lack sufficient supporting factual allegations as currently plead. *See* Defs. Opposition to Motion ("Opp."), Docket No. 41.[1] Plaintiffs do not object to the Court granting Defendants leave to amend on those defenses. *See* Reply to Motion ("Reply") at 2, Docket No. 42. Accordingly, the motion to strike is granted with leave to amend as to Affirmative Defense Nos. 2-5, 7-9, 17-20, and 22.

---

[1] Defendants argue that the motion to strike as to Affirmative Defense Nos. 2-13 and 17 is untimely because Plaintiffs failed to object to these Affirmative Defenses when initially plead in Defendants' answer to the original complaint. *See* Opp. at 3. Defendants cite no cases to support their argument and the Court finds Defendants' argument unpersuasive.

United States District Court

For the Northern District of California

C.     Affirmative Defense No. 21

The only contested Affirmative Defense is No. 21 which states Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act are barred for failure to register the materials within three months after the first publication, pursuant to 17 U.S.C. § 412.  *See* Answer to FAC ¶ 21.  Plaintiffs argue that their claim is not barred because the Copyright Act does not require the materials to be registered within the first three months of publication and that Defendants have confused the requirements regarding 'preregistered work' under section 408(f)(3), with the copyright referred to in the FAC.  *See* Motion at 15.  Essentially, Plaintiffs argue Affirmative Defense No. 21 is precluded as a matter of law.

The Ninth Circuit held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law" and such claims "are better suited for a Rule 12(b)(6) motion or a Rule 56 motion . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009).

Whether under Rule 12(f) or Rule 12(b)(6), the Court finds the FAC contains sufficient supporting factual allegations to support Affirmative Defense No. 21.  Copyright Act § 412 bars an award of statutory damages or attorneys' fees, generally permissible under the Copyright Act §§ 504 and 505, for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."[2] *Oddo v. Ries*, 743 F.2d 630, 634-35 (9th Cir. 1984).  For

---

[2] Section 412 provides,

In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the

1    Defendants to prevail on this defense, they must show "(1) that the works were published; (2) the

2    date of copyright registration; and (3) that Defendants' infringement commenced *prior to* the

3    registration." *Peliculas Y Videos Internacionales, S.A. de C.V. v. Harriscope of Los Angeles, Inc*.,

4    302 F. Supp. 2d 1131, 1138 (C.D. Cal. 2004) (emphasis added).

5          In the FAC Plaintiffs allege that (1) the registration did not occur until on or after February 5,

6    2014,[3] more than three months from the first publication of work on July 1, 2007 (*see* FAC ¶ 64, Ex.

7    8) and (2) Defendants' infringement occurred prior to the registration.  *See* FAC ¶ 34.

8          Accordingly, the Court finds Affirmative Defense No. 21 sufficient under Rule 12(f) because

9    it "gives plaintiff fair notice of the defense," *Simmons*, 609 F.3d at 1023, as well as under Rule

10   12(b)(6) because it is plausible that the Plaintiffs' claim for statutory damages and attorneys' fees

11   may be precluded as a matter of law, pursuant to 17 U.S.C. § 412.  Accordingly, the Court denies the

12   motion to strike, or in the alternative, the motion to dismiss as to Affirmative Defense No. 21.

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

---

19

20          copyright owner has learned of the infringement, or an action
            instituted under section 411(c), *no award of statutory damages or of*

21          *attorney's fees, as provided by sections 504 and 505, shall be made*
            *for –*

22          (1) any infringement of copyright in an unpublished work commenced

23          before the effective date of its registration; or

24          (2) *any infringement of copyright commenced after first publication of*
            *the work and before the effective date of its registration, unless such*

25          *registration is made within three months after the first publication of*
            *the work.*

26   17 U.S.C. § 412 (emphasis added).

27          [3] Plaintiffs do not allege whether the materials have been successfully registered under the
     Copyright Act, alleging instead that Plaintiff BWS filed an application.  *See* FAC ¶ 64, Ex. 8

28   (application contains no registration number).

United States District Court

For the Northern District of California

### III.   CONCLUSION

The motion is **GRANTED** in part and **DENIED** in part.  Defendants voluntarily withdraw Affirmative Defenses Nos. 6 and 10-12.  The motion is granted with leave to amend as to Affirmative Defenses Nos. 2-5, 7-9, 17-20, and 22.  The motion is denied as to Affirmative Defense No. 21.

This disposes of Docket No. 36.

IT IS SO ORDERED.

Dated:  July 18, 2014

_____
EDWARD M. CHEN
United States District Judge