UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALEM MEDICAL, LTD., *et al.*, | No. C-13-5236 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| THEOS MEDICAL SYSTEMS, INC., *et al.*, | |
| Defendants. | **(Docket No. 56)** |

Plaintiffs Malem Medical and Enuresis Associates filed this action against Defendants Theos Medical Systems and its owner, Saket Bhatia, on November 12, 2013. *See* Docket No. 1. Plaintiffs filed an amended complaint on April 10, 2014. Docket No. 29 (FAC).

Plaintiffs manufacture alarm systems and related products which detect the presence of urine or other bodily fluids on pajamas or other night garments. *Id.* at ¶ 17. They allege that Defendants engaged in unfair competition and otherwise violated federal law by selling competing bedwetting alarms that unlawfully use Plaintiffs' trademarks and other intellectual property.

On December 8, 2014, Plaintiffs filed a motion for leave to file a second amended complaint. Plaintiffs' proposed pleading adds two types of factual allegations that Plaintiff contends it learned about only after its first amended complaint was filed. *See* Docket No. 56. Specifically, Plaintiffs seek leave to allege that: (1) Defendants claim that their products are patented when they are not; and (2) Defendants pay people to post favorable reviews of their products on Amazon.com, even though the reviewers have never used or even seen Defendants' products. *See* Docket No. 56-1 (Proposed Complaint) at ¶¶ 45-46. For the reasons explained below, the Court grants the Plaintiffs'

motion to file its second amended complaint conditioned on Plaintiffs' payment of Defendants' reasonable attorneys' fees and costs associated with re-deposing one of Plaintiffs' employees.

## I. BACKGROUND

Plaintiffs manufacture bedwetting alarms and other products to help "train" those who wet the bed at night. FAC at ¶ 17. Plaintiffs sells these products "using MALEM as its common law trademark." *Id.* at ¶ 20. Plaintiffs also use "Bedwetting Store" and "Dry at Night" as service marks. *Id.* at ¶ 23-24.

Defendants sell competing bedwetting alarms and other products. *Id.* at ¶ 17. According to Plaintiffs, Defendants have wrongfully used Plaintiffs' marks, such as "Malem," "Bedwetting Store," and "Dry at Night," to sell their competing products, causing substantial consumer confusion. *See id.* at ¶ 40-41. Plaintiffs further claim that Defendants "mimic" their intellectual property and have copied material from Plaintiffs' website. *Id.* at ¶ 44. Defendants are alleged to falsely represent that Plaintiffs' "Malem" branded products are dangerous, and to claim that their own products are the "most recommended such devices by pediatricians," when they are not. *Id.* at ¶ 43. Based on this conduct, Plaintiffs' First Amended Complaint pleads the following six causes of action: (1) dilution and related harms to Plaintiffs' trademarks pursuant to 15 U.S.C. § 1125; (2) unfair competition in violation of California's Unfair Competition Law;[1] (3) false advertising under California's False Advertising Law;[2] (4) conversion under California law; (5) common law misappropriation; and (6) copyright violations in violation of Title 17 of the United States Code.

On July 21, 2014, Defendants deposed Bryan Mercer, one of two owners of Plaintiff Enuresis Associates, Ltd. *See* Scheley Decl. at ¶ 3 (Docket No. 59-1). "On July 29, 2014, while searching for bedwetting content online, [Mr. Mercer] discovered a Craigslist advertisement titled "Money for your Amazon review." Mercer Decl. at ¶ 3 (Docket No. 56-11). After some investigation, Mr. Mercer discovered that Defendants pay $10 to individuals who will write favorable reviews of Defendants' bedwetting products sold on Amazon. *Id.* Mr. Mercer and his

---

[1] Codified at Cal. Bus. and Prof. Code § 17200, *et seq.*

[2] Codified at Cal. Bus. and Prof. Code § 17500, *et seq.*

associates have written seven such false reviews, and claim to have been paid from Mr. Bhatia's "verified PayPal account." *Id.*

On October 16, 2014, Mr. Mercer "was informed that claiming a 'patent' when no patent has been applied for or when a patent is only pending is unlawful." *Id.* at ¶ 2. After learning this information, Mr. Mercer searched the USPTO database and claims to have learned that Defendants hold no U.S. patents on bedwetting products, despite their alleged claims to the contrary. *Id.* Mr. Mercer acknowledges that Defendants have "extensively *claimed for years*" that its products were patented when, it turns out, they aren't. *Id.* (emphasis added).

This Court held a case management conference in this action on October 21, 2014. *See* Docket No. 50. Plaintiffs did not mention their potential new allegations at this hearing. The Court subsequently issued a scheduling order, setting the close of non-expert discovery in this case for March 5, 2015. *See* Docket No. 51. Under the entry for "Last Day to Amend Pleadings," the Court wrote "N/A." *Id.* The dispositive motions deadline is currently set for May 28, and a two-week trial is scheduled to begin September 8. *Id.*

On November 14, 2014, Plaintiffs' counsel sent a copy of their proposed new complaint to defense counsel. Craigie Decl. at ¶ 3 (Docket No. 56-12). Defendants refused to stipulate to the filing of the new complaint. *Id.* On November 19, 2014, Plaintiffs filed a motion for leave to file its latest complaint. Docket No. 52. This motion was summarily denied without prejudice because it violated multiple Local Rules (namely, the motion was filed without a memorandum of points and authorities and was noticed for a hearing date within 35 days of the motion's filing date). *See* Docket No. 54; *see also* N.D. Cal. Local Rules 7-2, 7-4. On December 8, 2014, Plaintiff again filed a motion seeking leave to amend the complaint. Again, this motion was filed without a memorandum of points and authorities as required by Local Rule 7-4. Consequently, the motion was once again denied without prejudice. Docket No. 57. Only after a member of court staff called Plaintiffs' counsel did Mr. Craigie file a motion that complies with the Local Rules. *See* Docket No. 56. In that motion, Plaintiffs argue that the Court should permit them to file their latest complaint because, under Federal Rule of Civil Procedure 15(a), the "court should freely give leave [to amend] when justice so requires." *Id.* at 4 (citing Fed. R. Civ. Proc. 15(a)(2)). Defendants oppose the

3

motion and argue that Plaintiffs waited to long to seek to file their latest pleading, and that allowing the pleading to be filed at this stage in this case will cause them undue prejudice.  Docket No. 59.  If Plaintiffs' motion is granted, Defendants ask this Court to permit them to re-depose Mr. Mercer, and to tax the fees and costs associated with Mr. Mercer's second deposition to Plaintiffs.  *Id.*

## II.  DISCUSSION

Both parties frame this dispute as whether the Court should permit Plaintiffs to file an "amended complaint," and thus both sides invoke Federal Rule of Civil Procedure 15(a)--which governs amendments of the pleadings before trial--as the relevant rule of decision in this case.  It appears, however, that at least some of Plaintiffs' latest allegations may involve a "transaction, occurrence, or event that happened *after* the date of the [operative] pleading" was filed, and so Plaintiffs' motion may also be characterized as one brought pursuant to Federal Rule of Civil Procedure 15(d), which governs "supplemental pleadings."  Fed. R. Civ. P. 15(d) (emphasis added); *see also* 6A Wright and Miller, *Federal Practice and Procedure* § 1504 (3d ed. 2014) (explaining that amended pleadings "relate to matter that occurred prior to the filing of the original pleading and entirely replace the earlier pleading," while supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings").  Ultimately, the Court will not concern itself with drawing a fine distinction between the two rules, because the standard for evaluating whether a party may file an "amended" or "supplemental" pleading is essentially the same.  *See generally Federal Practice and Procedure* § 1504; *see also Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that the "standard is the same" under Rules 15(a) and 15(d)).

In evaluating Plaintiffs' motion, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted).  "Not all of the factors merit equal weight . . . it is consideration of the prejudice to the opposing party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Keith v.*

1  *Volpe*, 858 F.2d 467, 475 (9th Cir. 1988) (holding that courts should "liberally construe Rule 15(d)
2  absent a showing of prejudice to the defendant").

3       Evaluating the five factors, Defendants do not argue that Plaintiffs have acted in bad faith,
4  and there is no evidence of such in the record. Thus, the first factor tips in favor of Plaintiffs, or is
5  neutral.

6       The second factor (*i.e.*, undue delay) seems to cut against Plaintiffs, at least with respect to
7  their latest patent-related allegations.[3] In his declaration submitted in support of Plaintiffs' motion
8  to amend, Mr. Mercer states that Defendants have "extensively claimed *for years*" that its products
9  are patented. Mercer Decl. at ¶ 2 (emphasis added). Thus, Mercer acknowledges that Plaintiffs
10 apparently knew of Defendants' patent claims before this case was filed in 2013. Despite its
11 knowledge of these claims, however, Mercer and/or Plaintiffs' counsel apparently never investigated
12 whether Defendants actually have patent rights in their products until October 16, 2014, when
13 Mercer claims he first learned that making false patent claims is illegal. *See id.* Plaintiffs' current
14 attempt to supplement or amend their complaint with new patent-related allegations appears belated.
15 But because Defendants did not raise this issue in their opposition, the Court finds that the second
16 factor only minimally tips in favor of Defendants.

17      Evaluating the third (and most important) factor, prejudice, Defendants argue that
18 supplementation or amendment at this time will prejudice their case because Mr. Mercer has already
19 been deposed in this action. Docket No. 59 at 3. In an effort to cure any prejudice, Plaintiffs have
20 offered to allow Defendants to re-depose Mr. Mercer regarding the new allegations, although
21 Plaintiffs will not agree to pay Defendants' attorneys' fees or costs from taking this additional
22 deposition. Defendants insist that they should be reimbursed for these costs. The Court agrees with
23 Defendants. Plaintiffs may file an amended (or supplemental) pleading in this action, but only if
24 they agree to pay the reasonable attorneys' fees and costs Defendants will incur by re-deposing Mr.

---

[3] The undue delay factor likely is not met with respect to Plaintiffs' new claims that Defendants are purchasing favorable Amazon reviews – facts the Plaintiffs apparently did not discover until July 2014.

Mercer.[4] Assuming this condition is met, the Court finds that Plaintiffs' filing of its proposed pleading would not unduly prejudice Defendants, and that this factor would be neutral. The Court finds the final two factors are also neutral.

In sum, any prejudice Defendants incur as a result of the amendment or supplement will be cured with the Court's fee-shifting order. In light of the fact that both supplementation and amendment are "favored," and leave should be liberally given, even if there was some undue delay, the Court will grant Plaintiffs' motion. *See Keith*, 858 F. 2d at 473-76 (explaining that supplementation is "favored" because, among other reasons, it avoids "the cost, delay and waste of separate actions which must be separately tried and prosecuted"). Plaintiffs may file their proposed pleading. Defendants will be permitted to re-depose Mr. Mercer regarding the Plaintiffs' latest allegations at the Plaintiffs' expense.

This order disposes of Docket No. 56.

IT IS SO ORDERED.

Dated: January 20, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[4] The Court notes that the text of Rule 15(d) explicitly provides that the Court may permit supplementation "on just terms." Thus, as one respected treatise has suggested, "[i]t should be remembered that when a party objects to a new pleading under Rule 15(d), terms usually can be fashioned by the court to assure that no prejudice accrues from the supplemental pleading." 6A Wright and Miller, *Federal Practice and Procedure* § 1510. The Court has similar powers with respect to amended pleadings under Rule 15(a). *See, e.g.*, 6A Wright and Miller, *Federal Practice and Procedure* § 1486 (stating the "numerous courts have concluded that [Rule 15(a)] gives them authority to impose conditions when permission to amend is allowed").