UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALEM MEDICAL, LTD. and ENURESIS ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THEOS MEDICAL SYSTEMS, INC. and SAKET BHATIA, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO.: 3:13-cv-05236-EMC <br><br> **CONSENT DECREE AND ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Counter-Defendants MALEM MEDICAL, LTD. and ENURESIS ASSOCIATES, LLC ("PLAINTIFFS") and Defendants and Counter-Claimants THEOS MEDICAL SYSTEMS, INC. and SAKET BHATIA ("DEFENDANTS") (collectively, "the Parties"), that the Court shall enter an Order as follows:

**DEFENDANTS' OBLIGATIONS**

1. DEFENDANTS will withdraw the opposition to PLAINTIFFS' Bedwetting Store trademark application within 10 days of entry of this Consent Decree.

2. DEFENDANTS will not use the terms "Malem," "Bedwetting Store," "Easy-Clip", "Secure Grip," "Quick Detect," as well as other trademarks and registered trademarks of PLAINTIFFS

now and in the future, except in bona fide comparative advertising.

3.      DEFENDANTS will remove allegedly copyrighted material from their website within 10 days of entry of this Consent Decree, and will not use any of PLAINTIFFS copyrighted material in the future.

4.      DEFENDANTS will remove all meta information containing the terms "Malem" or "Bedwetting Store," as well as other brands sold by Enuresis Associates, which products are not currently sold by DEFENDANTS. The above conditions shall be accomplished within 30 days of entry of this Consent Decree.

5.      DEFENDANTS will remove or modify specified statements (see items a-o below) from their website within 10 days of entry of this Consent Decree. DEFENDANTS will also remove these statements from Amazon and eBay websites in all countries within 30 days of entry of this Consent Decree. DEFENDANTS will not be required to guarantee or effect removal of statements made by others, such as third party resellers. This agreement is expressly subject to change in the event that further research, testing, or new information demonstrates that the below statements are verifiable and factually accurate.

   a.   DEFENDANTS will change the statement "#1 doctor recommended bedwetting alarm" to "doctor recommended bedwetting alarm."

   b.   DEFENDANTS will change the statement "world's #1 pediatrician recommended alarm" to "widely recommended by pediatricians."

   c.   DEFENDANTS will remove the statement "urine detection is 50x faster than other bedwetting alarms." This statement will be reinstated in the event that further research, testing, or new information demonstrates that the statement is verifiable and factually accurate.

   d.   DEFENDANTS will remove the statement "more pediatric urologists recommend Chummie over other alarms."

   e.   DEFENDANTS will change the statement "Chummie is the only alarm that stops bedwetting" to "Chummie alarms stop bedwetting."

   f.   DEFENDANTS will change the statement "Chummie's urine detection area is 100x larger than other alarms" to "Chummie's urine detection area is significantly larger than other

clip sensors."

       g.    DEFENDANTS will remove all references to the safety of PLAINTIFFS' products, including references to "dangerous safety pins," "sharp sensors - can cut skin," and "contain lead and mercury."

       h.    DEFENDANTS will change references to "over 100,000" to "over 20,000." This statement will be further revised when new quantitative milestones are reached.

       i.    DEFENDANTS will change the statement "only alarm carried by major retailers in USA, Europe, and Asia" to "carried by major retailers in USA, Europe, and Asia."

       j.    DEFENDANTS will change the statement "does not cause skin rash caused by all other alarms" to "does not cause skin rash."

       k.    DEFENDANTS will remove the statement "only bedwetting alarm that has passed the test required to be registered with the United States FDA."

       l.    DEFENDANTS will change the statement "96% success rate" to "in a study . . . 96% success rate."

       m.    DEFENDANTS will change the statement "smallest and lightest bedwetting alarm available" to "small and lightweight."

       n.    DEFENDANTS will change the statement "loudest alarm available" to "loud."

       o.    DEFENDANTS will remove the statements "faster urine detection equals rapid treatment," or "faster detection equals quicker treatment."

6.    DEFENDANTS will remove from their website all references to patented claims for which no patent has been approved within 10 days of entry of this Consent Decree. DEFENDANTS will also remove these references from Amazon and eBay websites within 45 days of entry of this Consent Decree.

7.    DEFENDANTS will refrain from making cash payments to individuals in exchange for reviews of their products. This agreement does not apply to the exchange of goods for reviews.

8.    DEFENDANTS will submit, through Amazon Vendor Central, a letter from their attorneys to Amazon's Buyers Review Team and Item Update Creation Team. The letter will ask for the removal of all nonverified reviews of Chummie products on all Amazon websites posted between

June 1, 2014 and March 31, 2015 on the grounds that the validity of the reviews has come into question. This letter will be sent within 10 days of entry of this Consent Decree. If the subject reviews are not removed within 45 days of the date the letter is sent, DEFENDANTS will send, through Amazon Vendor Central, a second letter from their attorneys to Amazon's Buyers Review Team and Item Update Creation Team. The second letter will reference this Agreement and the Court's Consent Decree, and will identify the specific nonverified reviews to be removed.

9. DEFENDANTS will not disparage PLAINTIFFS or any of their products, services, officers, directors, or employees. For purposes of this agreement, disparage means to take any action which could reasonably be expected to adversely affect the reputation of PLAINTIFFS or any of their products, services, officers, directors, or employees. This paragraph does not apply to legitimate business concerns raised by DEFENDANTS or to allegations that PLAINTIFFS have violated this Agreement or this Consent Decree.

10. DEFENDANTS will not communicate with any person or entity through the use of a false or assumed identity such that the communication could reasonably be mistaken as coming from PLAINTIFFS or any of their officers, directors, or employees.

**PLAINTIFFS' OBLIGATIONS**

11. PLAINTIFFS will remove or modify specified factual statements from their website and other published materials (see items a-c below).

 a. PLAINTIFFS will change the statement "largest marketplace/ distributor of bedwetting products" to "one of the largest."

 b. PLAINTIFFS will remove the statement "90% success rate within a few weeks."

 c. PLAINTIFFS will change the statement "each alarm cures, on average, 3 children per year" to "each alarm treats, on average, 3 children per year."

12. PLAINTIFFS will not use the terms: "Chummie," "One Drop Detection," "Flexitape," "Comfy-Armband," "Theos Medical Systems," "Better technology for faster treatment," "Active guard monitoring," or "Enhanced protection plus care," or the Chummie logo, Theos Medical Systems logo, or Chummie smiley face, as well as other trademarks and registered trademarks of DEFENDANTS

1  now and in the future, except in bona fide comparative advertising.

2        13.    PLAINTIFFS will remove all meta information containing the terms referenced in the above paragraph, as well as other brands sold by DEFENDANTS and not sold by PLAINTIFFS. This shall be accomplished within 30 days of entry of this Consent Decree.

      14.    PLAINTIFFS will refrain from making cash payments to individuals in exchange for reviews of their products. This agreement does not apply to the exchange of goods for reviews.

      15.    PLAINTIFFS will not disparage DEFENDANTS or any of their products, services, officers, directors, or employees. For purposes of this agreement, disparage means to take any action which could reasonably be expected to adversely affect the reputation of DEFENDANTS or any of their products, services, officers, directors, or employees. This paragraph does not apply to legitimate business concerns raised by PLAINTIFFS or to allegations that DEFENDANTS have violated this Agreement or this Consent Decree.

      16.    PLAINTIFFS will not communicate with any person or entity through the use of a false or assumed identity such that the communication could reasonably be mistaken as coming from DEFENDANTS or any of their officers, directors, or employees.

## **FURTHER ORDERS**

      17.    This Consent Decree is binding on PLAINTIFFS, DEFENDANTS, their officers, agents, servants, employees, affiliates, attorneys, successors, and assigns, as well as those persons in active concert or participation with them and who receive actual notice of this Consent Decree.

      18.    This Consent Decree shall inure to the benefit of, and shall be enforceable by, PLAINTIFFS, DEFENDANTS, their affiliates, successors, and assigns as their respective interests may appear.

///
///
///
///
///
///

19. This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Consent Decree.

APPROVED BY:

          CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY

DATED: July 9, 2015

By: /s/ P. Christian Scheley
P. CHRISTIAN SCHELEY, ESQ.
Attorneys for Defendants and Counter-Claimants, THEOS MEDICAL SYSTEMS, INC. and SAKET BHATIA

CRAIGIE, McCARTHY & CLOW

DATED: July 9, 2015

By: /s/ Peter W. Craigie
PETER W. CRAIGIE, ESQ.
Attorneys for Plaintiffs and Counter-Defendants, MALEM MEDICAL, LTD. and ENURESIS ASSOCIATES, LLC

**ORDER**

IT IS SO ORDERED: All hearing and trial dates are vacated. The Clerk of the Court is directed to close this case.

DATED: July 14, 2015

Honorable
United States

*IT IS SO ORDERED AS MODIFIED*
Judge Edward M. Chen

G:\Data\DOCS\0524\04870\Consent Decree.wpd

6

**CONSENT DECREE AND ORDER**

CASE NO. 3:13-cv-05236-EMC

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

    I, Teela A. Crosthwaite, Esq., am the ECF user whose ID and password are being used to file this Consent Decree and Order. In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby attest that I have obtained the concurrence of each signatory to this document.

Dated: July 9, 2015                                                  /s/ Teela A. Crosthwaite
                                                                                    TEELA A. CROSTHWAITE, ESQ.