UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALEM MEDICAL, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THEOS MEDICAL SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 13-cv-05236-EMC<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Docket No. 143 |

On March 8, 2017, Plaintiffs Malem Medical, LTD. et al. filed a motion for Order to Show Cause asking the court to hold Defendants, Theos Medical Systems, Inc. et al., in contempt. *See* Docket No. 84. On August 10, 2017, this Court issued an order finding the Defendants in civil contempt for making disparaging statements to various regulatory agencies. *See* Docket No. 132. Subsequently, Plaintiffs filed a motion for $156,169.00 in attorney fees and costs incurred by Plaintiffs in pursuing the motion for contempt. *See* Docket No. 143 ("Motion"). Because some of the time entries submitted by Plaintiffs' attorneys are duplicative, irrelevant, or vague, and because $156,169.00 is excessive considering the limited amount of actual court filings, the Court applies a 25 percent discount to Plaintiffs' requested amount, which results in $117,126.75, and **GRANTS IN PART** the motion for attorneys' fees and costs.

## I. BACKGROUND

On July 14, 2015, this Court signed a Consent Decree and Order providing injunctive relief to Plaintiffs, the enforcement of which this Court retained jurisdiction. *See* Docket No. 83 ("Consent Decree"). The Consent Decree required that Defendants not disparage Plaintiffs or any of their products. Consent Decree ¶ 9. Plaintiffs and Defendants also entered into a Settlement Agreement which stipulated that the prevailing party or parties in an action relating to the

enforcement of the Agreement or the Consent Decree shall be entitled to recover their reasonable attorney fees and costs. *See* Docket No. 85-1 ("Settlement Agreement") at 9. In 2016, Plaintiffs were subject to a FDA inquiry based on 85 MedWatch complaints received by the FDA beginning in Fall 2015. *See* Motion at 3. Plaintiffs believed that Defendants were responsible for falsely filing those complaints to FDA and four other governmental agencies. *Id*. Around the same time, a number of suspicious reviews of Malem products also started to appear on Amazon. *Id*. The complaints and the Amazon reviews contained substantially similar language. Motion at 4. Thus, Plaintiffs also believed that Defendants were responsible for those Amazon reviews. *Id*. Plaintiffs' attorneys started preparing for the motion for contempt one year before filing. *See* Docket Nos. 144-2, 145-2.

On March 8, 2017, Plaintiffs filed a Motion for Order to Show Cause, asking the Court to hold Defendants in contempt for filing false complaints to five governmental agencies in violation of the Consent Decree. *See* Docket No. 84. On April 2, Plaintiffs filed a second motion to reopen discovery to determine if Defendants had violated the Consent Decree by posting disparaging comments on Amazon. *See* Docket No. 89. On April 13, Defendants filed an opposition denying that the complaints to government agencies and the Amazon reviews were made by or attributable to the Defendants. *See* Docket No. 99. On July 31, a bench trial was held and three witnesses testified. Plaintiffs did not present any evidence regarding the Amazon reviews. *See* Opposition, Exh. A. On August 10, this Court issued an order finding the Defendants in civil contempt for making disparaging statements to various regulatory agencies. *See* Docket 132 ("Order").

In preparing for the contempt proceeding, Plaintiffs hired two attorneys, Mr. Levin and Mr. Craigie, to represent them. Mr. Craigie, as the lead attorney, was mainly responsible for contacting clients, appearing before the court, and taking depositions. He seeks $94,155.00 for 210.70 hours of work with a $450 hourly rate for the contempt proceeding. *See* Docket No. 145 ¶ 5. Mr. Levin was responsible for researching and drafting the pleadings. He claims $39,390.00 for 98.45 hours of work with a $400 hourly rate for the contempt proceeding. *See* Docket No. 144 ¶ 6. Mr. Levin also hired a personal investigator, Mr. Hodgson, to investigate those reports and reviews and locate possible witnesses, which resulted in $4,079.50 in fees. *Id*. ¶ 8. Plaintiffs also

2

1  incurred $3,029.60 in costs related to the contempt proceeding. Motion at 4. In addition, Mr.
2  Craigie spent 17 hours working on the motion for fees, and Plaintiffs requested an additional
3  award of attorneys' fees in the amount of $7,650.00. *See* Docket No. 153 ¶ 6. In total, Plaintiffs
4  seek $156,169.00 in attorneys' fees and costs. *See* Docket No. 151 at 6.

## II. LEGAL STANDARD

Attorneys' fees are available to a party where specifically authorized by a contract. *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). Attorney's fees can also be awarded as compensatory damage to the prevailing party in a civil contempt motion within the discretion of the district court. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

Reasonable attorneys' fees are generally calculated using the lodestar method, whereby the court multiplies a reasonable number of hours worked by a reasonable hourly rate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). It is within the district court's discretion to deal with these problematic entries. For example, the district court can apply a reduction rate to duplicative hours. However, if the reduction is more than 10%, the court must give a "specific explanation." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).[1]

///

///

---

[1] Plaintiffs have a valid basis for attorneys' fees and costs under both California law and federal law. California law is materially similar to federal law in determining the reasonableness of attorneys' fees. Both California law and federal law require the court to calculate a lodestar figure and then adjust the figure based on similar factors. *See Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000); *cf. Serrano v. Priest*, 20 Cal. 3d 25 (1977). Since the California and federal approaches are the same, the Court cites federal law in the analysis for consistency.

3

# III. ANALYSIS

The Court finds that Plaintiffs should recover reasonable attorneys' fees and costs based on the Settlement Agreement as well as the Court's inherent power. The Court also finds the attorneys' rates are reasonable. However, some of the claimed hours are unreasonable for the following reasons.

A. Problematic Time Entries

1. Duplicative and Excessive Hours

Mr. Craigie billed a significant amount of time for reviewing Mr. Levin's drafts and other documents. *See, e.g.*, Docket No. 145, entry for 1/27/2017 (time spent on reviewing a letter to the FDA). As Mr. Craigie and Mr. Levin are of comparable experience, *see* Docket Nos. 144, 145, this time was duplicative.

In addition, Mr. Craigie billed numerous hours for communication with Mr. Levin. *See e.g.*, Docket No. 145-2, entries for 7/11/2016, 7/20/2016, 7/21/2016, 12/13/2016, 1/18/2017, 1/27/2017. If a lawsuit is complicated and implicates areas of law in which several of plaintiffs' attorneys had varying levels of expertise, billing for frequent communication may be justified. *See L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 898 (E.D. Cal. 2009). The contempt proceeding, however, was simple and straightforward. It took about three months to adjudicate, with only a few motions and a one-day bench trial. Due to the simplicity of the contempt proceeding, the hours billed on inter-counsel communication is excessive.

2. Irrelevant Entries

The district courts have commonly held that a plaintiff's recovery of attorneys' fees should be sufficiently related to events, issues, and behaviors giving rise to the contempt hearing. *See, e.g.*, *Trustees of the Southern California IBEW-NECA Pension Plan v. Pro Tech Engineering Corporation*, No. SA CV 15-0637-DOC (Ex), 2016 WL 3453014, at*6 (S.D. Cal. June 20, 2016). However, both attorneys have spent time working on other claims. For instance, Mr. Levin has spent 2.33 hours researching defamation, anti-SLAPP, and other possible claims for new or amended action. *See* Docket No. 144-2, entries for 12/23/2015, 5/15/2017, 5/16/2017, 6/22/2017. In addition, Mr. Craigie has spent 5.75 hours on an anti-SLAPP claim. *See* Docket 145-2, entries

for 5/31/2017, 6/16/2017, 6/26/2017, 7/6/2017, 7/11/2017. Plaintiffs can only recover attorneys' fees arising out of the contempt proceeding. Hours spent on the defamation and anti-SLAPP claims are irrelevant to this contempt proceeding and are therefore excluded.

3. <u>Vague Entries</u>

The Supreme Court held in *Hensley* that counsel is not required to record in great detail how each minute of time is expended but should at least identify the general subject matter of his time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Work entries are inadequately vague when the district court is unable to discern how the time spent is attributable to the case at hand." *Center for Food Safety v. Vilsack*, No. C–08–00484 JSW, 2011 WL 6259891, at *8 (N.D. Cal. Oct. 13, 2011). Courts have held that they were unable to determine the reasonableness of the billing entries like "conferences," "telephone calls," or "review of documents" without describing the subject of the call or correspondences. *Id*. Therefore, such entries are vague and should be deducted or reduced. *Id*.

Mr. Levin's time entries contain vague entries such as "research," "review documents," "correspondence," "Phone call with Peter Craigie," and "Phone call with client." *See* Docket 144-2, entries for 1/19/2016, 2/1/2016, 3/16/2016, 6/3/2016, 7/29/2016, 12/14/2016, 12/15/2016, 4/7/2017, 5/10/2017, 6/12/2017, 6/29/2017, 7/10/2017, 8/24/2017. The Court is unable to determine the reasonableness of those hours without knowing the subjects of those research, documents, and correspondence. Moreover, there are also vague entries like "draft motion," "draft pleadings," and "draft discovery documents." *See* Docket 144-2, entries for 2/23/2016, 3/9/2016, 3/10/2016, 3/11/2016, 3/14/2016, 3/18/2016, 3/24/2016, 3/28/2016, 4/5/2016, 7/19/2016, 7/20/2016, 7/21/2016, 10/5/2016, 10/18/2016, 12/13/2016, 1/5/2017, 1/19/2017, 1/25/2017, 2/3/2017, 2/4/2017, 2/9/2017, 2/15/2017, 3/1/2017, 3/2/2017, 3/3/2017, 3/4/2017, 3/5/2017, 3/8/2017, 3/17/2017, 3/22/2017, 4/29/2017, 7/14/2017, 7/17/2017, 7/20/2017.

While the vague time entries recorded after March 2017 match the timeline of the contempt proceeding, it may be inferred that most of the "motions" and "pleadings" in those entries refer to the contempt proceeding. However, as noted above, both attorneys indicate that they were also working on other claims such as the defamation and anti-SLAPP claims. Vague

entries make it difficult to verify all the claimed hours pertained to the contempt charge only. The hours with vague entries account for 25 percent to 30 percent of the hours submitted by Mr. Levin. Without more specific details, it is difficult for the Court to determine the reasonableness of these hours.

4. Block Billing

If the party engages in block billing, it is reasonable for the district court to reduce the hours, since it is difficult to determine how much time was spent on particular activities. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007); *see also Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing). Instead of individually listing the task and the amount of time spent on each, Mr. Craigie combined multiple tasks within blocks of time in numerous entries, making it impossible to evaluate the reasonableness of these entries. *See, e.g.*, Docket No. 145-2, entries for 3/8/2017, 3/30/2017, 3/31/2017.

B. The Limited Scope of the Filings on Contempt

In addition to the four major problems identified in the attorneys' records, the Court finds $156,169.00 in attorneys' fees and costs is excessive compared to the limited amount of court filings and court appearances for the contempt proceeding. Plaintiffs' counsel filed a total of 7 briefs and a handful of declarations. *See* Docket Nos. 84, 89, 92, 100, 120, 126, 127. The 7 briefs total 34 pages. The declarations vary from 2 to 4 pages. The contempt motion resulted in a one-day bench trial with only three witnesses testifying. Even including the fees-on-fees, $156,169.00 is excessive for the limited scope of the contempt filings and trial. Mr. Craigie argued that what makes this case unique is the difficulty in investigating the complaints and the Amazon reviews. However, investigating facts should be conducted by an investigator or at an investigator's rate. This Court has already included the investigator's fees as a reasonable cost incurred in this contempt proceeding. The need for investigation in this matter did not justify the amount of attorneys' fees incurred and claimed herein.

///

///

6

## IV. CONCLUSION

Accordingly, for all the reasons stated above, the Court finds fees and costs are warranted, but the request for $156,169.00 for attorneys' fees and costs is excessive and unreasonable. The Court **GRANTS IN PART** the motion for attorneys' fees, applies a 25% discount to Plaintiffs' requested amount, and awards the Plaintiffs $117,126.75 for attorneys' fees and costs.

This order disposes of Docket No. 143.

**IT IS SO ORDERED**.

Dated: November 7, 2017

_____
EDWARD M. CHEN
United States District Judge