UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALEM MEDICAL, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THEOS MEDICAL SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 13-cv-05236-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT AND TO REOPEN DISCOVERY**<br><br>Docket No. 170 |

## I. INTRODUCTION

Defendants Theos Medical Systems and Saket Bhatia move the Court for an order to show cause why Plaintiffs Malem Medical and Enuresis Associates should not be held in contempt for violating a consent decree, Docket No. 83 ("Consent Order"), between the parties. Docket No. 170 ("Motion"). Specifically, Defendants claim that Plaintiffs failed to remove statements prohibited by the consent decree from (1) their websites, (2) product packaging, and (3) various third-party websites. *See* Consent Order ¶ 11 ("PLAINTIFFS will remove or modify specified factual statements from their website and other published materials," then listing the prohibited statements). They also claim that Plaintiffs disparaged Defendants' products (4) at a conference and (5) in a product review, in violation of the consent decree. *See* Consent Order ¶ 15 ("PLAINTIFFS will not disparage DEFENDANTS or any of their products, services, . . . ."). Defendants further move to reopen discovery so that they may investigate the extent of Plaintiffs' purported violations.

"The standard for finding a party in civil contempt is well settled: [t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they

were unable to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and County of San Francisco,* 968 F.2d 850, 856 n. 9 (9th Cir.1992)). "[C]onsent decrees are construed as contracts for purposes of enforcement," "provided contract analysis does not undermine the judicial character of the decree." *United States v. FMC Corp.*, 531 F.3d 813, 819 (9th Cir. 2008) (quoting *Hook v. State of Ariz., Dep't of Corr.*, 972 F.2d 1012, 1014 (9th Cir. 1992)). Though "there is no good faith exception to the requirement of obedience to a court order," "[a] person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the [court's order]." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks omitted) (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).

## II. PROHIBITED PHRASES

The motion is **DENIED** as to all statements on Plaintiffs' website, third-party websites, and Plaintiffs' packaging. Defendants have not shown by clear and convincing evidence that these statements violate the consent decree, nor have they shown that Plaintiffs' interpretation of the consent decree as excluding these statements was not in good faith and reasonable.

The statements on Plaintiffs' website do not match the prohibited statements verbatim. Plaintiffs' interpretation of the consent decree as excluding these statements was in good faith and reasonable.

Plaintiffs' interpretation of ¶ 11 as excluding materials appearing on third-party websites over which they have no control was in good faith and reasonable. *See* Consent Order ¶ 11 ("PLAINTIFFS will remove or modify specified factual statements from *their website and other published materials*." (emphasis added)). However, it is possible that Plaintiffs were responsible for some of these materials. Accordingly, Defendants shall **MEET AND CONFER** with Plaintiffs' counsel and **SUBMIT** to this Court a stipulated proposed discovery order to be issued against three third-party websites for the limited purpose of determining whether Plaintiffs affirmatively caused the third-party publication of any prohibited statements after entry of the consent decree or have present control over removal of such statements. The proposed discovery shall specifically identify the complained-of phrases on each website. Defendants shall submit

2

such proposed discovery to the Court by February 22, 2018.

There is little law on whether packaging constitutes "published materials." What cases there are suggest that packaging is not "published." *See Dubinsky v. Liberty Surplus Ins. Co.*, No. CV 08-06744 MMM (SHx), 2010 WL 11506086 (C.D. Cal. 2010). This ambiguity defeats Defendants' motion for an order to show cause re: contempt. Plaintiffs' interpretation of "published materials" as excluding packaging is in good faith and reasonable.

However, continued use and dissemination of the packaging is in violation of the spirit of the consent decree. Accordingly, Plaintiffs shall **REPORT** to this Court a complete inventory of their packaging materials containing the phrase "over 90% success within a few weeks" or other phrases prohibited by ¶ 11 of the consent decree that Plaintiffs still possess or control and which could still be to distributed, displayed, or otherwise used. Plaintiffs shall submit this report by February 22, 2018. If substantial inventory remains, the Court may issue further order.

### III. DISPARAGEMENT

The motion is **DENIED WITHOUT PREJUDICE** as to Defendants' claim that Plaintiffs disparaged Defendants or their products at an American Academy of Pediatrics conference in 2015. The email submitted by Defendants lacks sufficient indicia of reliability to warrant a full contempt hearing. The motion may be brought again as to this claim if Defendants are able to muster reliable evidence of the disparagement, *e.g.*, a signed declaration under penalty of perjury by Dr. Singh with sufficient information to verify his bona fides.

The motion is **DENIED** as to the product review appearing on the product page for the Malem Wireless Bedwetting Alarm System Treatment Kit on BedwettingStore.com, date-stamped August 29, 2013, reading in part, "We first tried the Chummie alarm. Our son objected to the wire running from his underwear to his collar. We also had trouble with keeping the alarm pad taped in place." Docket No. 170-15, at ECF 4. Defendants have not shown by clear and convincing evidence that Plaintiffs' failure to remove this statement from their website constitutes *Plaintiffs'* disparagement of Defendants' product. Plaintiffs' interpretation of ¶ 15 of the consent order as not reaching third-party statements posted on Plaintiffs' websites prior to entry of the consent decree was in good faith and reasonable.

3

However, the Court agrees with Defendants that permitting such statements is inconsistent with the spirit of the consent order.  Accordingly, Plaintiffs shall **REMOVE** the review.

This order disposes of Docket No. 170.

**IT IS SO ORDERED**.

Dated: February 9, 2018

_____
EDWARD M. CHEN
United States District Judge